GUIDRY, Judge.
Defendants-appellants, Administrator of the Office of Employment Security and Barksdale Federal Credit Union, appeal the judgment of the Thirtieth Judicial District Court, Parish’ of Vernon, in which the trial court reversed the determination of the Appeals Referee and the Board of Review, and ordered that Maurene Roberts be declared eligible for unemployment compensation benefits from the date of the termination of her employment.
The facts of the case are uncontroverted. The appellee, Mrs. Roberts, was employed by the Credit Union from January 6, 1934 to November 20, 1984. She was a teller who was paid $4.50 per hour, and worked from 8:00 a.m. to 4:00 p.m., Monday through Friday. At the close of business on November 19, 1984, Mrs. Roberts took $20.00 from her teller box without permission or authorization from the Credit Union. On November 20, 1984, the Credit Union’s funds were subjected to a “surprise audit”, and Mrs. Roberts’ box was short $20.00. While the audit was in progress, Mrs. Roberts informed the auditors that her teller drawer would be short as she had taken the money the day before for her personal use with the intention of returning it the following day. Mrs. Roberts then returned the money to the box on November 20, 1984, and was discharged that same day for an unauthorized cash shortage detected during the audit.
The facts set forth above are those found by the referee, which were adopted by the Board of Review. The record fully supports these findings of fact and there is no suggestion of fraud. Therefore, under the limited review provided in such cases, there only remains to be determined if the stated facts justified Mrs. Roberts’ discharge for misconduct, as a matter of law.
The trial court concluded that, as a matter of law, Mrs. Roberts’ actions did not constitute misconduct connected with her employment. The trial court’s written reasons, which we quote in part, set forth the basis for its conclusion:
*245 “The record is replete with unrebutted evidence that Ms. Roberts had been a good and faithful employee. It is undisputed that she took $20.00 from her cash drawer without express permission to do so. It likewise appears that employees regularly did this and, at times, were instructed by their supervisors to do so. There is a total absence of any evidence that any policy forbidding such a practice had ever been announced to Ms. Roberts or the other employees. The failure to make and announce such a policy is attributable not to the employee, but to supervisory personnel. It is likewise undisputed that the $20.00 shortage was not discovered by the persons conducting the audit but was called to their attention by the claimant.
Despite the practice of co-employees, the better part of discretion and judgment should have dictated to the employee that she should avoid practices which might give even the appearance of wrongdoing. However, failure to use sound judgment is not the same as willful disregard for the employer’s interest. Jacobs v. Gerace, Ct.App. 3rd Cir. (1980) 381 So. 2nd. 935.
Disqualifying conduct warranting denial of benefits must be determined on the facts of each individual case. Ball v. Lockwood, Ct.App. 2nd. Cir. (1983) 440 So. 2nd. 932. The facts in the instant case are so different from those in Van-dike v. Brown, Ct.App. 3rd Cir. (1962) 139 So. 2nd. 803 where, unequivocally, there was a deliberate embezzlement of funds.
In short the determination made in the instant case does not meet a threshold test of reasonableness and, as a matter of law, the finding that the claimant was guilty of conduct which ‘showed a willful and deliberate disregard for the employer’s interest and resulted in the misappropriation of company funds’ is erroneous.”
For the reasons which follow, we conclude that the trial court clearly erred in finding that Mrs. Roberts’ actions did not constitute misconduct connected with her employment within the intendment of La. R.S. 23:1601.
La.R.S. 23:1601 provides in pertinent part as follows:
“An individual shall be disqualified for benefits ... [i]f the administrator finds that he has been discharged for misconduct connected with his employment. ...”
Misconduct sufficient to disqualify a claimant from receiving unemployment compensation benefits has been defined as “an act of wanton or willful disregard of the employer’s interest, a deliberate violation of the employer’s rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer’s interest or of the employee’s duties and obligations to the employer”. 48 Am.Jur., Social Security, Unemployment Insurance, Etc. Sec. 38 at 541; Jacobs v. Gerace, 381 So.2d 835 (La.App. 3rd Cir.1980).
Without question a bank teller acts in a fiduciary capacity. The term “fiduciary capacity” is described in Black’s Law Dictionary, Fourth Edition (1951) in pertinent part as follows:
“One is said to act in a ‘fiduciary capacity’ or to receive money or contract a debt in a ‘fiduciary capacity,’ when the business which he transacts, or the money or property which he handles, is not his own or for his own benefit, but for the benefit of another person, as to whom he stands in a relation implying and necessitating great confidence and trust on the one part and a high degree of good faith on the other part. ...”
Appropriation of Credit Union funds by a teller for the latter’s personal use, albeit with the intention of returning those funds at a later time, constitutes a clear violation of the fiduciary duty owed by the teller-employee and connotes more than a failure on the part of the employee to use sound judgment. Rather, such a practice consti *246 tutes a willful disregard of the employer’s interest and a clear disregard of standards of behavior which a banking institution has the right to expect of its employees. Further, the very nature of the relationship between a teller and his or her financial institution-employer belies the necessity that the employer establish and promulgate a policy prohibiting such practices. Finally, in our view, the appellant derives no solace from the fact that other employees, without the knowledge of the Credit Union’s manager, regularly pursued this same practice.
In sum, we conclude that, considering the nature of the employment relationship which existed between plaintiff-appellee and Barksdale Federal Credit Union, the actions of Mrs. Roberts, for which she was discharged, constitute “misconduct” within the purview of La.R.S. 23:1601.
For these reasons, the judgment of the trial court is reversed and set aside, and it is now ordered that the decision of the Board of Review, Office of Employment Security, be reinstated.
REVERSED AND RENDERED.